UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:24-cr-00106-LEW |
| | ) | |
| LARRY STENDEBACH | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

On September 8, 2025, District Judge Nancy Torresen[1] sentenced Defendant Larry Stendebach to a 210-month term of imprisonment following his guilty plea to a charge of Advertisement of Child Pornography. On April 6, 2026, Defendant, proceeding pro se, filed a Motion for Compassionate Release and for the Appointment of an Attorney (ECF No. 70). The United States did not file a response.

A district judge's authority to "vacate, alter, or revise a sentence previously imposed" is "narrowly circumscribed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). By law, "[t]he court may not modify a term of imprisonment once it has been imposed except [for certain prescribed reasons]." 18 U.S.C. § 3582(c). For present purposes, I am authorized to reduce Defendant's sentence only if "extraordinary and compelling reasons warrant" such a reduction when considered alongside the general sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). In my

[1] This matter was reassigned due to Judge Torresen's retirement.

evaluation, I must also ensure that any reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*[2]

Defendant's request is based on his wife's medical circumstances, which involve a diagnosis of pancreatic cancer and a surgical plan, and his parents' medical circumstances, including limitations associated with advanced aging. These circumstances do not cross the "extraordinary and compelling" threshold. The United States Sentencing Commission Guidelines Manual states that family circumstances can meet the extraordinary and compelling standard based on the incapacitation of a spouse or parent, if the defendant is the only person able to serve as a caregiver. U.S.S.G. § 1B1.13(b)(3). The concept of incapacitation has been construed to mean total inability to perform self-care and confinement to a bed or chair. *United States v. Johnson*, No. 2:22-cr-00038-JAW, 2026 WL 1998467, at *9 (D. Me. July 10, 2026); *United States v. Simpson*, No. 2:03-cr-00096-SDN, 2025 WL 2997350, at *2 (D. Me. Oct. 24, 2025). As for the unavailability of a caregiver, courts generally expect a showing that nobody else is available, such as another family member or an alternative care arrangement. *Id.*

Defendant's showing concerning his aging mother does not demonstrate an incapacity. And although his spouse's need is greater, Defendant has not demonstrated her near total incapacity, either. To be sure, there is need for assistance and companionship to attend to daily matters, but not a state of near total incapacitation.

[2] Additionally, Defendant must first exhaust administrative remedies by petitioning the warden of his facility for early release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruvalcaba*, 26 F.4th 14, 18 (1st Cir. 2022). From the Defendant's motion it is not entirely clear that the Defendant has complied with this requirement.

The Court is not persuaded that a sentence reduction is appropriate or that the appointment of counsel would prove likely to change that assessment.[3] The Court is also concerned that Defendant was only sentenced last year and has not yet served even ten percent of his sentence. This raises significant concern over sentencing parity and respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)-(B), (6).

Plaintiff's Motion for Compassionate Release, including his request for a court-appointed attorney, is DENIED (ECF No. 70).

**SO ORDERED.**

Dated this 22nd day of October, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

[3] Defendant is not entitled to appointed counsel. "There is no right to counsel in postconviction proceedings," *Garza v. Idaho*, 586 U.S. 232, 245 (2019). Relevant considerations include the likelihood that a request could succeed. *United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir. 1993)).